IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JANET DRAPER,

    Plaintiff,

v.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE,

    Defendant.

**COMPLAINT AND JURY DEMAND**

COME NOW the Plaintiff, Janet Draper, by and through her undersigned attorneys, Jon T. Bradley and Kelci L. Sundahl, Bradley Devitt Haas & Watkins, P.C. with her Complaint against the Defendant, and in support thereof, state and allege as follows:

**PARTIES**

1. Plaintiff Janet Draper is a resident of Jefferson County, Colorado, with a street address of 2663 S. Holman Street, Lakewood, CO 80228.

2. Defendant California Casualty Indemnity Exchange ("California Casualty") is a California corporation whose principal place of business is located at 1875 S. Grant Street, Suite 800, San Mateo, CA 94402.

**JURISDICTION AND VENUE**

3. The Court has personal jurisdiction over Defendant by virtue of Defendant's operations and presence in Colorado, by its contracting to insure Plaintiff in Colorado, by its transacting business in or directed at Colorado, and by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado, and commission of tortious actions in Colorado that caused injury and damages in Colorado to a Colorado resident,

## GENERAL ALLEGATIONS

4. Plaintiff incorporates Paragraphs 1 through 3 as if fully set forth herein.

5. On September 14, 2016, Nohely G. Trujillo-Castro operated a vehicle which was owned by Defendant Teresa D. Castro-Ortiz negligently and carelessly in such a fashion that it caused a collision with the vehicle being operated by Plaintiff.

6. As a result of Ms. Trujillo-Castro's negligence, Plaintiff sustained various injuries, losses, and damages, including, without limitation, injuries to her head, shoulder, neck, and back resulting in severe pain; as well as concussion and post-traumatic brain injury.

7. As of September 14, 2016, Nohely G. Trujillo-Castro and Teresa D. Castro-Ortiz were insured through an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company.

8. Nohely G. Trujillo-Castro and Teresa D. Castro-Ortiz' liability insurance limit through the policy with State Farm Mutual Automobile Insurance Company was $25,000.00.

9. Prior to the September 14, 2016, crash, Plaintiff and Defendant entered into a contract of insurance with the Defendant, policy number 50000364558, which was in effect on crash date of September 14, 2016.

10. Through policy number 50000364558, Defendant provided Plaintiff with terms of the insurance contract in the amount of $200,000.00 per person UM/UIM coverage, pursuant to the terms of the contract.Plaintiff had purchased underinsured motorist coverage from Defendant in order to have security and protection in the event she was injured in a crash with an underinsured motorist.

11. As a result of the September 14, 2016, crash Plaintiff suffered economic damages.

12. As a result of the September 14, 2016, crash Plaintiff suffered noneconomic damages.

13. As a result of the September 14, 2016, crash Plaintiff suffers from ongoing symptomology, including but not limited to: headaches, neck ache and pain, brain fatigue - concentration difficulties, memory, and slow processing especially for complex tasks, and sensory integration difficulties as well as post-traumatic brain injury.

14. On January, 29, 2020, Defendant provided Plaintiff's counsel with written confirmation for the $200,000.00 underinsured motorist coverage through policy number 50000364558.

15. On February 18, 2019, the undersigned requested permission from Defendant to enter into a settlement agreement with the underlying tortfeasor's insurer, State Farm.

16. On February 22, 2019, Defendant granted permission for Plaintiff to enter into an agreement with the underlying torfeasor's insurer.

17. On July 17, 2019, Plaintiff demanded payment of the full liability policy limit of $25,000.00 from Nohely G. Trujillo-Castro and Teresa D. Castro-Ortiz' liability insurer, State Farm Mutual Automobile Insurance Company ("State Farm").

18. On July 29, 2019, Defendant again consented to settle the underlying liability claim and advised Plaintiff of such consent in writing.

19. On August 5, 2019, State Farm offered to pay the full policy limit of $25,000.00, insuring Nohely G. Trujillo-Castro and Teresa D. Castro-Ortiz.

20. On August 9, 2019, Plaintiff' counsel provided Defendant with medical records documenting the existence of the permanent impairment and injuries experienced by Plaintifft and the resulting noneconomic and economic losses experienced by Plaintiff.

21. On December 30, 2019, Plaintiff' counsel requested that Defendant complete an evaluation of Plaintiff's claim for underinsured motorist benefits.

22. In or about December of 2019, Defendant tendered to Plaintiff a $28,300.00 check, which was tendered without prejudice to the Plaintiff's ability to pursue this lawsuit and the UIM claim.

23. On or about January 10, 2020 California Casualty tendered an additional $1,000.00 check, with the same terms and conditions as Paragraph 26 above.

**FIRST CLAIM FOR RELIEF**
**(Underinsured Motorist Claim / Breach of Contract)**

24. The Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

25. Plaintiff is entitled to recover the underinsured motorist benefits provided by Defendant's policy of insurance.

4

26. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for Plaintiff's payment of premiums.

27. At the time of the crash on September 14, 2016, Defendant insured Plaintiff for $200,000.00 in uninsured motorist benefits.

28. Defendant has breached its contract of insurance by failing to pay appropriate underinsured motorist benefits to Plaintiff as provided by the contract.

29. As a direct and proximate result of the damages sustained by Plaintiff in the September 14, 2016, crash, and as required by C.R.S. § 10-4-609 and Defendant's insurance contract; and, as a direct result of Defendant's breach of contract, Plaintiff has suffered damages and Defendant is liable to pay underinsured motorist benefits to Plaintiff to compensate her for her injuries, damages, and losses.

### SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)

30. The Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

31. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for her payment of premiums.

32. Defendant has failed to pay a reasonable amount for Plaintiff's claim for underinsured motorist benefits without a reasonable basis.

33. Defendant acted unreasonably in handling Plaintiff's claim for underinsured motorist benefits in an unfair manner inconsistent with fair claims handling standards.

34. Defendant acted unreasonably in denying payment of a reasonable sum of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the September 14, 2016, incident without conducting a reasonable investigation and evaluation of Plaintiff's uninsured motorist claim in violation of C.R.S. § 10-3-1104(1)(h)(IV).

35. Defendant acted unreasonably in denying payment of a reasonable sum of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the September 14, 2016, incident without providing a reasonable basis for its denial in violation of C.R.S. §10-3-1104(1)(h)(XIV).

36. Defendant knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.

37. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has sustained injuries, damages and losses, the amount of which will be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Statutory Claim - Unreasonable Denial of Benefits**
**Under C.R.S. §§ 10-3-1115 and 10-3-1116)**

38. The Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

39. Plaintiff is a first party claimant as defined under C.R.S. § 10- 3-1115.

40. Plaintiff and Defendant entered into a contract for insurance as identified herein, whereby Defendant provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for her payment of premiums.

41. Pursuant to C.R.S § 10-3-1115, Defendant cannot unreasonably deny payment of underinsured motorist benefits to Plaintiff.

42. Defendant denied paying a reasonable amount to resolve Plaintiff's claim for underinsured motorist benefits without a reasonable basis.

43. Defendant violated C.R.S. § 10-3-1115 by denying payment of reasonable underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the September 14, 2016, incident without conducting a reasonable investigation and evaluation of Plaintiff's underinsured motorist claim.

44. Defendant violated C.R.S. § 10-3-1115 by denying reasonable payment of underinsured motorist benefits it owes to Plaintiff for the injuries, damages and losses suffered in the September 14, 2016, incident without providing a reasonable basis for its denial.

45. Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorney's fees, court costs and two times the covered benefits as a result of Defendant's unreasonable denial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against the Defendant for relief as follows:

1. Payment of reasonable underinsured motorist benefits under the policy in amounts to compensate Plaintiff for economic damages, noneconomic damages, permanent physical impairment and disfigurement, and all other compensatory damages as allowed by law.

2. Damages pursuant to C.R.S. § 10-3-1116: payment of two times the covered benefit and reasonable attorney fees and court costs;

3. Pre-judgment and post-judgment interest as provided for by law;

4. Attorney fees, costs, and expenses of this action as provided for by law; and,

5. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by all issues so triable.

Respectfully submitted this 26th day of March, 2020.

BRADLEY DEVITT HAAS & WATKINS, P.C.

*/s/ Jon T. Bradley*
Jon T. Bradley, #10143
Kelci L. Sundahl, #51397
2201 Ford Street
Golden, Colorado 80401
Phone Number: (303) 384-9228
Fax Number: (303) 384-9231
Email: kelci@goldenlawyers.com

Attorneys for Plaintiff

Plaintiff's Address:
2663 S. Holman Street
Lakewood, CO 80228